IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

DAMON E. FITZGERALD,

    Plaintiff,

vs.

NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES, SCOTT FRAKES, sued in their official and individual capacities; et al.;

    Defendants.

8:16CV101

**MEMORANDUM AND ORDER**

    Plaintiff filed a Complaint on March 2, 2016. (Filing No. 1.) He was given leave to proceed in forma pauperis. (Filing No. 6.) On August 22, 2016, the court ordered Plaintiff to file an amended complaint because his Complaint failed to state a claim upon which relief may be granted. (Filing No. 13.) On December 22, 2016, Plaintiff filed an Amended Complaint. (Filing No. 20.) Now, the court conducts review of Plaintiff's Amended Complaint.

    Plaintiff's Amended Complaint continues to fail to successfully allege that Defendants were deliberately indifferent to his personal health or safety. For example, Plaintiff alleges in his Amended Complaint that he slipped on a puddle of water in his cell and sustained bruises to his arm and hands from attempting to catch himself on the sink and concrete. (Filing No. 20 at CM/ECF p. 15.) He admits, however, that the bruises were minor so he did not report them to medical staff. (*Id*.) Plaintiff further alleges that he attempted suicide on August 2013 by tying one end of his shirt to the exposed bars of his cell and the other end around his neck. (*Id*. at CM/ECF p. 10.) He asphyxiated and was transported to the hospital. (*Id*.) Plaintiff fails to allege that any Defendants knew Plaintiff was

suicidal, but disregarded, or were deliberately indifferent to, his health and safety. *See Beaulieau v. Ludeman*, 690 F.3d 1017, 1045 (8th Cir. 2012).

Plaintiff's Amended Complaint continues to fail to successfully allege an equal protection claim. He fails to allege that he was treated differently than others who were similarly situated to him, specifically, that he was treated differently than others in the NSP Control Unit. *See Klinger v. Department of Corrections*, 31 F.3d 727, 731 (8th Cir. 1994) ("Dissimilar treatment of dissimilarly situated persons does not violate equal protection."). It is not enough that the segregation units in the different Nebraska correctional facilities "have housed the same class of inmates" or that the prisoners are "all under the control of NDCS." (*See id.* at CM/ECF pp. 19-20.) Various differences in the correctional facilities, including security levels, the physical cells, and the inmates themselves could reasonably account for any differences in segregation units amongst the facilities.

Plaintiff's Amended Complaint continues to fail to successfully allege that Defendants violated his constitutional right of access to the courts. Specifically, Plaintiff has suffered no actual injury, as evidenced by his sixty-page Amended Complaint. *See Lewis v.* Casey, 518 U.S. 343, 353 n. 3. (1977) (the right is only violated if the prisoner has suffered an "actual injury."). Plaintiff cites to Neb. Rev. Stat. § 83-4,123 in support of his allegations. (Filing No. 20 at CM/ECF p. 13.) Section 83-4,123 (West) is with regard to disciplinary procedures in the correctional facilities and states:

> Nothing in sections 83-4,109 to 83-4,123 shall be construed as to restrict or impair an inmate's free access to the courts and necessary legal assistance in any cause of action arising under such sections or to judicial review for disciplinary cases which involve the imposition of disciplinary isolation or the loss of good-time credit in accordance with the Administrative Procedure Act. Such judicial review may only be invoked after completion of any review of the hearing prescribed by section 83-4,122 by the department.

Section 83-4,123 is inapplicable here. This is not a review of a disciplinary case under sections 83-4,109 to 83-4,123.

Plaintiff's Amended Complaint continues to fail to successfully allege a right to privacy claim. He alleges that inmates' privacy in the NSP control unit shower area is not protected from "direct and constant" view from female staff or other inmates. (Filing No. 20 at CM/ECF p. 10.) Plaintiff maintains that surveillance cameras on each gallery provide a "direct, unobstructed, and continuous view" of inmates nude in the showers. (*Id.*) He claims that any staff member, including females, can access the surveillance cameras from any office computer in the facility through the "CCTV" network or view them on a "4-way split screen" large monitor in the sergeant's office. (*Id.*) Plaintiff also alleges that staff, regardless of gender, must also physically observe inmates in the shower. (*Id.*) He states that Defendants "Kramer, Bean, and Gooding," all female staff members, have watched him shower nude "directly and without obstruction" on "multiple occasions." (*Id.* at CM/ECF pp. 2, 10, 18, 22.)

With regard to his right to privacy claim, Plaintiff must allege specific allegations as *to him*. "Mere conclusory allegations will not suffice." *Wiggins v. Lockhart*, 825 F.2d 1237, 1238 (8th Cir. 1987). Plaintiff fails to allege specific dates that others observed him in the shower, either in person or via the surveillance cameras. He fails to allege who surveilled him on the cameras. He fails to allege the composition of the NSP control unit shower area. He fails to allege specific facts about Defendants Kramer, Bean, and Gooding's in-person observations of him. He fails to allege that he cannot position his body in such a way to minimize any invasion of his privacy. *See Turner v. Safley*, 482 U.S. 78, 90 (1987) (a relevant factor is whether there is "the availability of alternative means of exercising the right at issue"). Plaintiff also fails to request nominal damages. As the court explained to Plaintiff in its previous order, even if he states a privacy claim upon which relief may be granted, his recovery will be limited to nominal and punitive damages against Defendants in their individual capacities. (*See* Filing No. 13 at CM/ECF p. 10.)

IT IS THEREFORE ORDERED that:

1. Plaintiff's claims for monetary relief against the Nebraska Department of Corrections and all other Defendants in their official capacities are dismissed as barred by the Eleventh Amendment.

2. Plaintiff's claims for injunctive relief and declaratory relief are dismissed as moot.

3. Plaintiff's claims regarding conditions of confinement, equal protection, and access to the courts are dismissed without prejudice for failure to state a claim.

4. Plaintiff shall file a second amended complaint by **March 30, 2017**, that states a *right to privacy* claim upon which relief may be granted. Failure to file a second amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff. The court warns Plaintiff that any second amended complaint must comply with [Federal Rule of Civil Procedure 8](), which requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation . . . be simple, concise, and direct."

5. Any second amended complaint will supersede, not supplement, Plaintiff's Complaint and Amended Complaint.

6. The clerk of the court is directed to set a pro se case management deadline using the following text: **March 30, 2017**, check for second amended complaint.

5

Dated this 1st day of March, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge